UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OTIS ARRINGTON,
    Plaintiff,

vs.                                                                         03-1263

KATHY SARFF,
    Defendant.

### ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 23].

The plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C.§1983 alleging that his constitutional rights were violated by psychologist Dr. Kathy Sarff.   The plaintiff's rambling complaint made one clear claim: that Dr. Sarff violated the plaintiff's due process rights when she mistakenly classified the plaintiff as a sexual predator without even meeting with the plaintiff.

### FACTS

The plaintiff was classified as a sexual predator within the Illinois Department of Corrections based on Administrative Directive 04.01.301 entitled "Inmate Sexual Assaults-Prevention and Intervention."  This directive states that the Chief of Mental Health Services shall develop protocols to be used to identify an inmate as a sexual predator or as an inmate who is sexually vulnerable within the institution. A predator is defined as an inmate who has a history of sexually assaultive behavior.  The factors may include:

1) the nature and number of prior incidents;
2) the age of the inmate at the time of the prior incidents;
3) the time elapsed since the prior incidents;
4) the inmate's physical and mental status; and
5) whether prior incidents occurred in a prison or jail or in a detention, youth, or mental health facility.

Once an inmate is identified as a predator, any housing assignment must be reviewed and they cannot be housed with another inmate identified as vulnerable to sexual assaults.

Neither side has presented any evidence concerning why the plaintiff was identified as a sexual predator.  However, the plaintiff has included documentation demonstrating that he is incarcerated for Aggravated Criminal Sexual Assault, Home Invasion, Armed Violence, Residential Burglary and Armed Robbery.

The plaintiff in his complaint says the defendant classified him as a sexual predator in 1997.  He claims there are statements in her evaluation attributed to him that he never made.

The plaintiff says he never met with this doctor. In fact, the plaintiff states he did not know about the classification until 2000. The plaintiff says the classification has impacted what cell he is housed in and prevented him from picking a cell mate. The plaintiff also claims it has impacted his ability to get a prison job. Lastly, he says that correctional officers began to call him names based on the sexual predator classification and he feared that he would be assaulted.

The plaintiff says he made numerous attempts to have the classification removed without success. In the motion for summary judgement, the defendants claim that the plaintiff filed a grievance in December of 2004 asking that the classification be removed from his record. In February of 2005, a grievance officer at Dixon Correctional Center informed the plaintiff that the removal of the predator classification had been approved at the facility and they were awaiting final approval from the Chief of Mental Health Services for the Illinois Department of Corrections.

The defendant has included an affidavit from Dixon Correctional Center Psychologist Administrator Dr. Lawrence Weiner stating that the plaintiff was "incorrectly classified as a sexual predator" and the designation has been removed from his file. (Def Memo, Weiner Aff. p. 1) The defendants do not state why the designation was incorrect nor do they provide any explanation for the change.

The plaintiff's final successful grievance was filed on December 7, 2004, well after the plaintiff filed this lawsuit on August 2003. The plaintiff's complaint claims he had exhausted all available administrative remedies before filing this lawsuit, and apparently the defendant does not dispute this point.

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants argue that the plaintiff has failed to demonstrate that the sexual predator classification, even if incorrect, was a violation of his due process rights. Unfortunately, the defendant's motion is short of any case law that is directly on point.

A due process violation occurs when a state actor deprives an individual of a protected liberty interest without providing adequate process. The first question for the court is whether a protected liberty interest has been infringed. For a prisoner, liberty interests can be created by state law or by the due process clause itself. Thielman v. Leean, 282 F.3d 478, 480(7th Cir. 2002). The due process clause gives rise to a liberty interest when an inmate is subjected to conditions of confinement that exceed the inmate's sentence. Sandlin v. Connor, 515 U.S. 472, 484 (1995). State law or a prison regulation can give rise to a liberty interest when they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

A few federal appeals courts have held that in certain circumstances, classification as a sex offender implicates a liberty interest. Neal v. Shimoda, 131 F.3d 818,824 (9th Cir. 1997); Chambers v. Colorado, 205 F.3d 1237 (10th Cir. 2000); Kirby v Siegelman, 195 F.3d 1285, 1292 (11th Cir. 1999). However, in most of these cases, the claimed problem went beyond the designation as a sex offender. The inmates were also required to undergo sex offender treatment or were not allowed the same good time credit benefits. At least two district courts in the Seventh Circuit have found that a sex offender classification within prison does not implicate a liberty interest. Jones v. Puckett, 160 F.Supp. 1016 (W.D.Wis. 2001); Grennier v. Frank, 2005 WL 2076432 (W.D. Wis. 2005).

The plaintiff in this case has not adequately demonstrated that a protected liberty interest is at stake. There is no evidence that the classification system in any way impacted the plaintiff's chances for good time credits or parole. There is no evidence that he was required to participate in any counseling or sex offender treatment.

Instead, the plaintiff complains that his housing arrangements had to have higher approval and he was not able to chose his own cell mate. This is not an atypical and significant hardship. In addition, the plaintiff states that he was prevented from obtaining certain prison jobs. The plaintiff has not provided any clear evidence of this claim since he has not provided any affidavits or other documents in support of this contention. Nonetheless, the loss of a prison job does not give rise to a protected liberty interest. Wallace v. Robinson, 940 F.2d 243 (7th Cir. 1991)(en banc)(inmates have no constitutionally protected interest in a prison job).

The plaintiff also claims he found out about the sexual predator designation when guards began to call him names. "Although the 'sex offender' tag undoubtedly carries a stigma, it is clear that merely classifying an inmate as a sex offender is insufficient to give rise to liberty interest." Grennier 2005 WL 2076432 at 2; Townsend v Vallas, 256 F.3d 661, 669 (7th Cir. 2001)(to give rise to a liberty interest, harm inflicted to reputation must be coupled with change in legal status.)

While the sexual predator designation may have been made in error, the plaintiff has not demonstrated that a protected liberty interest was at stake and therefore had not demonstrated that he was owed the protection of due process.  The motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The  defendant's motion for summary judgement is granted pursuant to Federal Rule of Civil Procedure  56. [d/e 23]  The Clerk of the Court is directed to enter judgment in favor of the defendant in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 22 day of March, 2006.

        s\Harold A. Baker
        _____
           HAROLD A. BAKER
         UNITED STATES DISTRICT JUDGE